UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                          )
CHARLES RASO, TRUSTEE                     )    05  11380 RGS
of the MASSACHUSETTS BRICKLAYERS          )
AND MASONS HEALTH AND WELFARE,            )              MAGISTRATE JUDGE Sorokin
PENSION AND ANNUITY FUNDS,                )
                                          )
              Plaintiff,                  )    C. A. No.
                                          )
v.                                        )    RECEIPT # 65309
                                          )    AMOUNT $250
DEPAOLI MOSAIC CO., INC., FINAMORA        )    SUMMONS ISSUED yes
REALTY TRUST and WALTER F. MORGAN, JR.    )    LOCAL RULE 4.1
Individually and as President of          )    WAIVER FORM
DEPAOLI MOSAIC CO., INC.                  )    MCF ISSUED
                                          )    BY DPTY. CLK.
              Defendants.                 )    DATE 6/30/05
                                          )
```

## COMPLAINT

Count 1
(as against DePaoli Mosaic Co., Inc.)

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act. 29 U.S.C. §1381 et seq., brought on behalf of Massachusetts Bricklayers and Masons Health and Welfare, Pension and Annuity Funds ("Funds") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3. Plaintiff, Charles Raso, is the Trustee of the Funds and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Funds are "multi-employer plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and

"employee benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Funds have a principal office at and are administered from 645 Morrissey Boulevard, Boston, MA.

4. Defendant DePaoli Mosaic Co., Inc. ("DePaoli ") is an employer with a place of business at 126 Magazine Street, Boston, MA 02119. Defendant is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7).

5. Defendant Walter F. Morgan, Jr. ("Morgan") is an individual residing at 9 Blackberry Lane, Andover, Massachusetts 01810 and the President of DePaoli Mosaic Co., Inc.

6. Finamora Realty Trust is a Massachusetts Trust located at 126 Magazine Street, Boston, Massachusetts.

7. The Bricklayers and Allied Craftsmen Union Local 3 Eastern Massachusetts "Local Union 3") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

8. At all material times, Defendant was obligated by the terms of one or more collective bargaining agreements between it and Local Union 3 and by the terms of Agreements and Declarations of Trust to which Defendant was bound to make contributions on behalf of certain employees to the Funds.

9. Defendant has failed to make required contributions to the Funds in violation of Section 515 of ERISA, 29 U.S.C. §1145 in the approximate sum of $110,000 for the period of February 2005 through June 2005.

WHEREFORE, Plaintiff demands that judgment enter against Defendant in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2).

1. Awarding the Funds the following amounts:

      a. the unpaid contributions;

      b. interest on unpaid contributions at a rate of 1.5% per month from the date payment was due;

      c. liquidated damages pursuant to the collective bargaining agreements;

      d. all costs and reasonable attorney's fees incurred by the Funds in connection with this action;

2. Permanently enjoining the Defendant from violating its obligations under the terms of its collective bargaining agreements with Local Union 3 and the Agreements and Declarations of Trust to make timely contributions and reports to the Funds; and

3. Ordering such other and further relief as this court may deem just and proper.

### Count 2
(as against Walter F. Morgan, Jr.)

10. Plaintiff hereby incorporates by reference Paragraph 1 through 9 as if set forth herein.

11. Upon information and belief, Defendant Morgan, is the President and principal shareholder of DePaoli who has control of DePaoli's management and day to day operations. Upon information and belief, Defendant Morgan failed to respect the separate corporate identity of DePaoli and has acted with fraudulent intent with respect to the creditors of DePaoli.

12. Upon information and belief, Defendant Morgan is an alter ego of DePaoli.

13. Defendant Morgan, as an alter ego, is personally liable for the unpaid employee benefit contributions of DePaoli.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Morgan in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2).

(1) Awarding the Funds the following amounts:

      a. the unpaid contributions;

      b.    interest on unpaid contributions at a rate of 1.5% per month from the date payment was due;

      c.    liquidated damages pursuant to the collective bargaining agreement;

      d.    all costs and reasonable attorney's fees incurred by the Funds in connection with this action;

(2) Permanently enjoining Morgan from violating its obligations under the terms of its collective bargaining agreements with Bricklayers and Allied Craftsmen Local Union No. 3 and the Agreement and Declaration of Trust to make timely contributions and reports to the Funds; and

(3) Ordering such other and further relief as this court may deem just and proper.

### Count 3
(as against Finamora Realty Trust)

14. Plaintiff hereby incorporates by reference Paragraph 1 through 13 as if set forth herein.

15. Upon information and belief, Defendant Morgan is the Trustee of Defendant Finamora Realty Trust ("Finamora").

16. Upon information and belief, Finamora is an asset of DePaoli.

17. Upon information and belief, DePaoli and Morgan have used the value inherent in the assets of Finamora as an asset of both DePaoli and Morgan to secure certain debt and other obligations of DePaoli.

18. Finamora is available and appropriate to satisfy the obligations of DePaoli and Morgan to the Plaintiff.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Finamora in accordance with Section 502 of ERISA, 29 U.S.C. §1132(g)(2).

(1) Awarding the Funds the following amounts:

    a. the unpaid contributions;

    b. interest on unpaid contributions at a rate of 1.5% per month from the date payment was due;

    c. liquidated damages pursuant to the collective bargaining agreement;

    d. all costs and reasonable attorney's fees incurred by the Funds in connection with this action;

Dated: June 30, 2005

Respectfully submitted,

Catherine M. Campbell  
BBO No. 5564  
FEINBERG, CAMPBELL & ZACK, P.C.  
177 Milk Street  
Boston, MA 02109  
(617) 338-1976

_____  
Attorney for plaintiff

### Certificate Of Service

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

_____  
Catherine M. Campbell

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Charles Raso, Trustee of the Massachusetts Bricklayers and Mason Health and Welfare Pension and Annuity Funds

(b) County of Residence of First Listed Plaintiff __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

DePaoli Mosaic, Co., Inc., Finamora Realty Trust and Walter F. Morgan, Jr., Individually and as President of DePaoli Mosaic Co., Inc.

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Feinberg, Campbell & Zack, P.C.
177 Milk Street, Boston, MA 02109
(617) 338-1976

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action by Pension Fund under ERISA 29 U.S.C. Sec. 1001 et seq. to collect

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 6/30/05

SIGNATURE OF ATTORNEY OF RECORD
Catherine M. Campbell

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Charles Raso, Trustee v. DePaoli Mosaic Co., Inc., et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   05 11380 RGS

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                       YES          NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                       YES          NO X

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                       YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                       YES          NO X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                       YES          NO X

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Catherine M. Campbell
ADDRESS Feinberg, Campbell & Zack, PC, 177 Milk St., Ste. 300, Boston, MA 02109
TELEPHONE NO. (617) 338-1976

(Cover sheet local.wpd - 11/27/00)